**3**

**NG LUNG ex rel., LEW HONG GET, Petitioner, Appellant, v. John P. JOHNSON, U. S. Commissioner of Immigration, Respondent, Appellee.**

(Circuit Court of Appeals, First Circuit. January 15, 1926.)

No. 1879.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This is an appeal from a decree of the federal District Court for Massachusetts dismissing a writ of habeas corpus and remanding the applicant, Lew Hung Get, in whose behalf the writ was brought, to the custody of the Commissioner of Immigration for deportation to China.

The applicant claims a right to admission to this country as the foreign born son of Lew Mong Ong, a citizen of the United States, now deceased. It appears that a hearing was had before the Board of Special Inquiry at Boston on June 2, 1925, and that, while the board was satisfied of the citizenship of the alleged father, it was not as to the claimed relationship of the applicant, and found that he should be excluded as a Chinese alien not a member of any of the exempt classes entitled to come into the United States; that an appeal was taken to the Secretary of Labor and that, on June 25, 1925, the appeal was heard before the Board of Review, which rendered an opinion in which it carefully considered the evidence submitted and found that the applicant had clearly failed to establish that he was the son of a citizen and recommended that his appeal be dismissed; and the Second Assistant Secretary of Labor so ordered. Thereupon this writ of habeas corpus was prosecuted, and, after hearing in the District Court, at which the only evidence submitted was the record before the immigration authorities, the decree here appealed from was made.

We have examined the evidence and findings before the immigration authorities and are of the opinion that the applicant was ac-

corded a fair trial, and that the decree of the District Court should be affirmed.

The decree of the District Court is affirmed.